# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FAYEOLA JONES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1434 |
| | § | |
| TEXAS A&M UNIVERSITY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a memorandum and recommendation ("M&R") in which Magistrate Judge Nancy K. Johnson recommends granting defendant Texas A&M University's ("TAMU") motion to dismiss (Dkt. 57). Dkt. 82. Plaintiff Fayeola Jones has filed objections to the M&R. Dkt. 85. TAMU responded. Dkt. 88. After considering the M&R, objections, response, and applicable law, the court is of the opinion that TAMU's motion to dismiss (Dkt. 57) should be GRANTED for the reasons explained in full in the M&R. Jones's objections (Dkt. 85) should be OVERRULED, the M&R (Dkt. 82) should be ADOPTED IN FULL, and Jones's claims against TAMU should be DISMISSED WITH PREJUDICE.

### I. BACKGROUND

This is a civil rights case. In May 2016, Jones attempted to pick up a rental car from a counter located inside Easterwood Airport in College Station, Texas. Dkt. 82 at 2. During this encounter, Jones alleges that she was subjected to severe discrimination based on her race and physical disability. *Id.* Jones subsequently filed suit against, *inter alia*, TAMU in its capacity as owner of Easterwood Airport. Dkt. 1. Jones's third amended complaint brings claims against

TAMU under 42 U.S.C. §§ 1981 and 1983. Dkt. 56 at 8. TAMU moved to dismiss, arguing that it was entitled to sovereign immunity as an arm of the state. Dkt. 57.

## II. STANDARD OF REVIEW

A party may file objections to a Magistrate Judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). The standard of review used by the district court depends on whether the Magistrate Judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). For dispositive motions, district courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 73(b)(3). Here, because the motion at issue is dispositive and has been properly objected to, the court will conduct a de novo review.

## III. ANALYSIS

The Magistrate Judge granted TAMU's motion to dismiss on the ground that TAMU was entitled to sovereign immunity as an arm of the state. Dkt. 82. Jones argues that TAMU's activities as a quasi-private entity, including its operation of Easterwood Airport, abrogate its immunity. Dkt. 85. However, the court has reviewed these issues de novo and fully agrees with the Magistrate Judge.

Jones's central contention is that TAMU has "voluntarily abrogated its immunity and is no longer an arm of the state." *Id.* at 4. Jones argues that TAMU has "transitioned from a small public institution into a large, hybrid public-private entity that acts independent of the State of Texas and can satisfy a judgment without ever reaching into the state treasury." *Id.* at 3. Thus, Jones contends that TAMU has wholly forfeited its claim to sovereign immunity, and cases prohibiting a claim-by-claim determination of sovereign immunity are inapplicable. *Id.*

However, controlling precedent forecloses Jones's argument. The Fifth Circuit has consistently held that TAMU is an arm of the state and is therefore entitled to sovereign immunity. *U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n*, 898 F.3d 497, 502 (5th Cir. 2018) (hereinafter, *U.S. Oil Recovery Site*); *Gay Student Servs. v. Tex. A&M Univ.*, 737 F.2d 1317, 1333–34 (5th Cir. 1984); *accord Eustice v. Tex. A&M Univ.*, No. 4:15-CV-03180, 2016 WL 8710444, at *3 (S.D. Tex. Sept. 30, 2016) (Harmon, J.). This is true even if TAMU may have engaged in proprietary functions, *U.S. Oil Recovery Site*, 898 F.3d at 502, and even if it need not reach into the state's treasury to satisfy a judgment, *Gay Student Servs.*, 737 F.2d at 1333. Although Jones correctly states that TAMU's sovereign immunity does not vary on a claim-by-claim basis, the above-referenced holdings do not rest on this principle. *See U.S. Oil Recovery Site*, 898 F.3d at 502. Rather, the Fifth Circuit has repeatedly considered TAMU as a whole, most recently in 2018, and concluded that TAMU was entitled to sovereign immunity. *Id.*; *Gay Student Servs.*, 737 F.2d at 1333. Jones's argument cannot overcome this straightforward precedent.

## IV. CONCLUSION

TAMU's motion to dismiss (Dkt. 57) is GRANTED for the reasons explained in full in the M&R. Jones's objections (Dkt. 85) are OVERRULED, the M&R (Dkt. 82) is ADOPTED IN FULL, and Jones's claims against TAMU are DISMISSED WITH PREJUDICE.[1]

Signed at Houston, Texas on May 23, 2019.

_____
Gray H. Miller
Senior United States District Judge

---

[1] Jones also objected to the case being referred to the Magistrate Judge. Dkt. 18. To the extent those objections still stand, they are OVERRULED.