UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fayeola Jones, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-18-1434 |
| | § | |
| Texas A&M University, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## Memorandum Opinion and Order

Pending before the court is a memorandum and recommendation ("M&R") in which Magistrate Judge Nancy K. Johnson recommends (1) granting defendants Easterwood Airport Management LLC ("Easterwood") and Travis Sheppard's ("Sheppard") motion for final summary judgment (Dkt. 68); (2) granting defendant Chase Isaac's ("Isaac") motion to dismiss plaintiff's third amended complaint (Dkt. 96); (3) granting in part and denying in part defendant Checker Leasing, Inc.'s ("Checker") first amended motion for summary judgment (Dkt. 104); and (4) granting defendants Avis Budget Group, Inc., Avis Budget Car Rental, LLC, and Avis Rent A Car System, LLC's (collectively "Avis") first amended motion for summary judgment (Dkt. 105). Dkt. 108. Judge Johnson also recommends overruling defendants Easterwood and Sheppard's objection and denying their motion to strike plaintiff's summary judgment evidence (Dkt. 77). Dkt. 108. Plaintiff Fayeola Jones has filed four objections to the M&R. Dkt. 109. Each defendant responded. *See* Dkt. 110 (Isaac's response); Dkt. 111 (Easterwood and Sheppards's response); Dkt. 112 (Avis's response); Dkt. 113 (Checker's response). After considering the M&R, objections, responses, and applicable law, the court finds that each of Jones's objections (Dkt. 109) should be **OVERRULED** and the M&R (Dkt. 108) should be **ADOPTED IN FULL**

## I. STANDARD OF REVIEW

A party may file objections to a Magistrate Judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). When timely objections are filed, the standard of review used by the district court depends on whether the Magistrate Judge ruled on a non-dispositive or dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). For non-dispositive motions, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72 (a). For dispositive motions, district courts "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, Jones has not objected to the recommendation that Isaac's motion to dismiss (Dkt. 96) be granted, so the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72(b). The court also applies the clearly erroneous standard to Easterwood and Sheppard's objection and motion to strike plaintiff's summary judgment evidence (Dkt. 77) because the motion is non-dispositive. However, the court reviews the recommendations concerning the remaining motions (Dkts. 68, 104, and 105) de novo because these motions are dispositive and Jones has timely objected.

## II. ANALYSIS

**A.     Isaac's Motion to Dismiss**

The court, having reviewed Isaac's motion to dismiss (Dkt. 96), the M&R, pleadings, and applicable law, and having received no objections, finds no clear error. Thus, the court **ADOPTS** the M&R as it pertains to Isaac's motion. Dkt. 108 § III.A.

**B.     Easterwood and Sheppard's Objection and Motion to Strike**

The court, having reviewed Easterwood and Sheppard's objection and motion to strike (Dkt. 77), the M&R, pleadings, and applicable law, and having received no objections, finds no clear error. Thus, the court **ADOPTS** the M&R as it pertains to Easterwood and Sheppard's motion. Dkt. 108 § III.B.5.

**C.     Summary Judgment**

Jones poses four objections, which the court will address *in seriatim*. However, the court must first address Jones's misconception of federal practice regarding summary judgment. Jones repeatedly cites to *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942 (S.D. Tex. 2005), for the proposition "that the concept of a 'no evidence' summary judgment does not apply in federal court." Dkt. 75 at 4; Dkt. 84 at 4; Dkt. 107 at 5–6. While Judge Hanen does remark that "the concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure," it is clear from the entirety of his opinion that he is addressing a purely semantic issue. 404 F. Supp. 2d at 949. As he later clarifies: "that term, though descriptive, is more appropriate within the context of Texas Rule of Civil Procedure 166a(i). Nevertheless, that label correctly describes the key issue in this case: has the non-movant [] raised a fact issue on the material issues in this case." *Id.* Where, as here, the movants show that there is no evidence to support Jones's claim, "the burden shifts to [Jones], the non-movant, to demonstrate the existence of a material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).

   **1.     False Imprisonment**

Judge Johnson found that "that the record fails to raise a fact issue on willful detention." Dkt. 108 at 26. Jones objects that Judge Johnson "incorrectly focused on physical detention and

removal from the airport but wholly ignored that Defendants restricted Plaintiff's liberty to move freely *within* the airport." Dkt. 109 ¶ 11 (emphasis in original). In support, Jones argues that "Isaac threatened Ms. Jones by telling her to leave the airport or else he would call security, thus detaining Ms. Jones at Avis's front desk in a commercial airport . . . ."[1] *Id.* ¶ 15. This argument is logically untenable. A person simply cannot be detained in a place by virtue of being told to leave it. Yet Jones argues that "[b]ecause the Recommendation ignored Plaintiff's right to remain in the airport and instead focused on Plaintiff's exit from the property, the Recommendation misapplied Texas state law." *Id.* ¶ 16. However, the only case that Jones offers to support this argument is a single, 174 year old criminal case from Tennessee, not Texas. And even that case—*Smith v. State*, 26 Tenn. 43 (1846)—is inapposite because the passenger's liberty in that case, unlike in Jones's case, was actually restrained. As Easterwood and Sheppard note in their response to Jones's objections, the summary judgment evidence conclusively shows that there was no restraint. *See* Dkt. 111 ¶¶ 8–9. And there can be no detention without restraint of movement. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644–45 (Tex. 1995). The burden fell to Jones to demonstrate the existence of a material fact regarding detention and she failed to do so. Accordingly, her objection is **OVERRULED**.

    2.    **Section 1981 Claim**

Judge Johnson determined that, although a fact issue existed as to Jones's Section 1981 claim against Checker for Isaac's action, Easterwood and Sheppard were entitled to summary judgment because Jones failed to demonstrate a fact issue as to the second and third elements of Jones's

---

[1] The remainder of this sentence—"where patrons are already aware that armed security is prepared to tackle terrorist threats and that one false move could end in arrest, or worse"—is nothing more than attorney embellishment that is untethered from the record and the court will not address it as it is not competent summary judgment evidence.

Section 1981 claim against them. *See* Dkt. 108 at 26–28 (citing *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017)). As to the interference with contract element, Judge Johnson found that, because Isaac had already refused to rent Jones a car by the time Sheppard arrived, "Sheppard could not have interfered with [Jones's] opportunity to contract for a rental car." Dkt. 108 at 27–28. As to the intentional discrimination element, Judge Johnson found that "nothing that Defendant Sheppard did or said revealed any racial animus." *Id.* at 28. Jones objects that "[b]y acquiescing to Isaac's orders, Sheppard acted together with Isaac to interfere with Plaintiff's contract rights based on race." Dkt. 109 ¶ 19. Yet Jones offers no case law to support this argument, and in support, she cites to deposition testimony from third parties that does nothing to address Judge Johnson's findings. *Id.* The burden fell to Jones to demonstrate the existence of a material fact regarding these elements and she failed to do so. Accordingly, her objection is **OVERRULED**.

  3.  **Section 1983 Claim**

Judge Johnson found that Sheppard was entitled to summary judgment on Jones's Section 1983 claim because Jones's "brief fails to even mention the elements of the alleged constitutional violations, much less to point to any evidence in support of those elements"; because Jones's "allegations and assertions are so vague that it is difficult to determine whether she intended a due process claim of the procedural or substantive variety"; and because there is "no evidence to support an inference that any person of another classification was treated differently than she was under similar circumstances." Dkt. 108 at 30–32. Jones objects, in conclusory fashion, that "the Recommendation ignores the evidence that Sheppard violated both Plaintiff's statutory rights under 42 U.S.C. § 1981 and her constitutional rights under the Equal Protection and Due Process Clause of the Fourteenth Amendment." Dkt. 109 ¶ 21. Yet Jones still fails to clarify whether she is alleging a procedural or substantive due process violation. To the extent that Jones seeks to maintain a

5

Section 1983 claim against Sheppard based on a deprivation of her rights under Section 1981, the preceding section explains why such a claim fails. *See infra* § II.C.2. As to equal protection, Jones's response does not even address Judge Johnson's finding that there is "no evidence to support an inference that any person of another classification was treated differently than she was under similar circumstances" (Dkt. 108 at 32), much less point to summary judgment evidence that would rebut that finding. By focusing her objections on the color of state law element, Jones completely overlooks that Judge Johnson's findings were based on Jones's "utter failure to present any evidence in support of a violation of Plaintiff's due process and equal protection claims." *Id.* The burden fell to Jones to demonstrate the existence of a material fact regarding a constitutional violation and she failed to do so. Accordingly, her objection is **OVERRULED**.

### 4. Agency

Judge Johnson determined that Avis was entitled to summary judgment on Jones's Section 1981 claim because "the evidence establishes that Defendant Avis played no role in Defendant Checker's daily operations or in employing Defendant Isaac," and because "the licensing agreement specifically disclaimed any agency relationship between Defendant Avis and Defendant Checker." Dkt. 108 at 34–35. Judge Johnson's finding was based on careful application of controlling Fifth Circuit precedent—*Arguello v. Conoco, Inc.*, 207 F.3d 803 (5th Cir. 2000)—to the facts of Jones's case. Yet Jones's objection is a near verbatim recitation of her motion for summary judgment that offers nothing new beyond a single introductory sentence asserting, without support, that Judge Johnson "erroneously discounts the other aspects of Avis's actual and contractual control over Checker." Dkt. 109 ¶ 28. Jones does not address Judge Johnson's application or analysis of *Arguello*, or offer contrary case law that would change the analysis. The court agrees with Judge Johnson's analysis and **OVERRULES** Jones's objection.

## III. CONCLUSION

For the reasons stated above, each of Jones's objections (Dkt. 109) is **OVERRULED** and the M&R (Dkt. 108) is **ADOPTED IN FULL**. Defendants Easterwood and Sheppard's objection and motion to strike plaintiff's summary judgment evidence (Dkt. 77) is **OVERRULED** and **DENIED**. Defendants Easterwood and Sheppard's motion for summary judgment (Dkt. 68) is **GRANTED**. Defendant Isaac's motion to dismiss (Dkt. 96) is **GRANTED** and, because the claim against him is barred by the statute of limitations, it is **DISMISSED WITH PREJUDICE**. Defendant Checker's first amended motion for summary judgment (Dkt. 104) is **GRANTED IN PART** and **DENIED IN PART**. Defendants Avis's first amended motion for summary judgment (Dkt. 105) is **GRANTED**.

Signed at Houston, Texas on March 31, 2020.

_____
Gray H. Miller
Senior United States District Judge